*ROUSSEAU vs. CHASE.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

The verdict of the jury will be set aside if contrary to the evidence of the case

This suit was brought to compel the defendant to retrocede to the plaintiff, a tract of land, which the former had purchased at a sale by the treasurer of the state for taxes. It appeared from the evidence, that the agent of the plaintiff had demanded of the defendant a retrocession of the land, at the same time making him a tender of the purchase money, costs, and fifty per cent interest. At the time the tender was made, defendant observed that his only objection to giving up the land was, that he was not satisfied the plaintiff was the owner, as some other person had claimed it. The agent then observed, that the demand of the defendant was reasonable enough, and that he could send and obtain the necessary documents, to prove the identity of plaintiff as owner of the land—the defendant observing, that if the documents were not procured before the lapse of a year, that no advantage should be taken. These documents, as to the identity of plaintiff, were never furnished.

The cause was tried by a jury, who found a verdict for the defendant, who then entered upon the record, a disclaimer of title. Whereupon, the court gave judgment, that the plaintiff should have the benefit of the disclaimer, upon his re-embursing the purchase money to the defendant. From this judgment the plaintiff appealed.

*Roselius*, for appellant.

*Pierce*, for appellee.

*Mathews, J.* delivered the opinion of the court.

This suit is brought to compel the defendant to retrocede

and restore to the plaintiff, a certain tract of land, described in his petition, claimed as his property, and which he alleges was purchased by said defendant, at a sale for taxes, made by the treasurer of the state.

This case was submitted to a jury in the court below, who found a general verdict for the defendant. The plaintiff moved for a new trial, which was refused, and he took the present appeal.

It appears by the evidence of the case, that the plaintiff took every step required by law, to justify his demand on the defendant to retrocede the land which he had purchased, as above stated. But the latter introduced witnesses to show that he only refused to comply with the request of the former, in consequence of the want of proof, that the applicant was the same person whose land had been sold. After the verdict of the jury, the defendant remitted his claim to the property in dispute—a circumstance which perhaps reduces the contest between the parties to a mere matter of costs. Whether a person in the situation which the defendant occupied, in relation to the plaintiff, previous to the institution of this suit, could in every case refuse to comply with a demand made on him, similar to that made in the present instance, without risking the payment of costs, in the event of a legal pursuit against him, need not now be decided—for we are of opinion, that the evidence of identity, arising from the information given by the persons who made the tender of the price and interest thereon, (in pursuance of law) which the defendant had paid for the land in question, ought to have been satisfactory to any man not disposed to quibble. We are unable to perceive any just grounds, on which the verdict and judgment in the court below can stand. In relation to the claim for damages, we think the proof on record does not support it so clearly as to require any to be assessed.

The verdict of the jury will be set aside if contrary to the evidence.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be avoided, reversed and an-

K3

nulled, and the verdict of the jury set aside.   And it is further ordered, adjudged and decreed, that the defendant and appellee, do reconvey to the plaintiff and appellant, all the right, title and interest, which the former acquired to the tract of land now claimed by the latter, by virtue of the sale for taxes, within ten days from the notification of this judgment, and so soon as the plaintiff and appellant shall pay to him, or deposit for his use in any of the banks of this state, the price, with interest thereon, demandable by law, which he the said defendant and appellee paid for said land, under the sale for taxes.   And it is also ordered, that the defendant and appellee, pay costs in both courts.