Boullemet v. Philips.

---

STEPHEN BOULLEMET *v.* ALEXANDER PHILIPS.

To recover in an action of slander, malice in defendant must be proved.
The verdict of a jury will be set aside when contrary to the evidence.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

MARTIN, J. The defendant is appellant from a judgment on a verdict for the sum of four thousand dollars, in an action of slander. The words charged in the petition are, that the plaintiff's family are not white, meaning that he was a colored person; and, farther, that his mother was a colored woman and of mixed negro blood. The plaintiff avers that his mother and all his family are, in fact, white persons. The words charged were proved to have been spoken by the defendant; but no circumstance was shown, from which it might be inferred that they were spoken with the least degree of malice. A crowd of witnesses have been introduced on each side, nearly equal in number, and, as far as we can tell, in means of knowledge and in respectability. Those of the plaintiff uniting in the expression of their opinion that the plaintiff's mother was white, or at least of Indian descent, and that she kept company with white ladies. The witnesses introduced by the defendant, equally unite in the opinion that she was a colored woman, the *ménagère* for several years of the plaintiff's father, who afterwards married her; that her brother and some other children were considered as colored persons; and that she never associated with white ladies. One or two add that her children were excluded from a school to which they had been sent, on the ground that they were not white boys, and that some of them were hired out at ten dollars per month as colored people. On the ques-

Boullemet v. Philips.

tion of fact, a close examination of the evidence has left the impression upon our minds that the plaintiff has hardly succeeded in making that probable, which the law requires him to make certain. Had he succeeded in complying with the requisites of the law in this respect, he would not, in our opinion, have been entitled to a verdict, unless he had shown malice in the defendant, which is the essence of the action of slander. We must add to this, that there is no evidence that any cause of enmity existed between the plaintiff and defendant, which might induce the latter to seek to injure the former.

Our learned brother of the Parish Court charged the jury, on the authority of Starkie, part 4, page 867, that " malice, in cases like the present, is an essential ingredient; for if it appear that the words, though slanderous, were spoken wholly without malice, and of this the jury are to judge, the defendant will be entitled to a verdict." From this quotation he appears to have concluded that, as the jury were the judges of the malice, and they had found a verdict against the defendant, he was bound to infer that they had found the malice; and, when moved for a new trial, he doubted his right to touch their verdict, although he informs us that he did not, in any way, agree with the jury in their finding, for his views of the evidence totally differed from theirs. Sharing with him his dissatisfaction with the finding of the jury, and our views of the evidence, like his, totally differing from theirs, we are bound to remember that the verdict of a jury must be set aside when contrary to the evidence, as we held in the case of *Rousseau* v. *Chase*, 2 La. 497. Being then of opinion that the evidence offered by the plaintiff " ought to have been satisfactory to any man not disposed to quibble, and being unable to find any just grounds on which the verdict and judgment in the court below could stand," we reversed the judgment, set aside. the verdict, and gave judgment for the defendant. Accordingly, in the present case, seeing no evidence to show malice in the defendant, it is our duty to relieve him.

It is therefore ordered, that the judgment be reversed, the verdict set aside, and the cause remanded for a new trial, with directions to the judge in the trial thereof to conform to the principles

herein established, and otherwise to proceed according to law ; the plaintiff paying the costs of this appeal.

*Peyton*, for the plaintiff.

*Roselius*, for the appellant.